IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, *as Receiver*,<br><br>Plaintiff,<br><br>v.<br><br>HARLEY FABRIZIUS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE *EX PARTE* MOTION FOR LEAVE TO SERVE BY ALTERNATIVE MEANS (ECF No. 8)**<br><br>Case No. 2:13-cv-472- EJF<br><br>Magistrate Judge Evelyn J. Furse |

Receiver R. Wayne Klein filed this Motion seeking this Court's leave to serve the Defendant by e-mail or publication and an extension of time to serve Defendant.[1] (*See* ECF No. 8). The Motion states that a "process server made several attempts to serve" the Defendant in Wyoming and was told by someone that Mr. Fabrizius sometimes worked in a different town during the weeks. The Motion does not state whether the process server ever attempted service during a weekend. (*See* ECF No. 8 at 2–3.) The Motion identifies *The Ranger*[2] as the proposed newspaper for service by publication but does not set forth any basis explaining why *The Ranger* is an appropriate publication for this purpose. (*See id.* at 6.) For these reasons, the Court DENIES the Motion without prejudice.

Before re-filing the Motion, the Receiver should attempt to serve the Defendant during a weekend, or, if the Receiver has already attempted weekend service, the Receiver should state as

---

[1] The Plaintiff previously moved this Court for an extension of time to serve Defendant of 120 days. (ECF No. 5.) The Court granted a reduced extension of 60 days. (ECF No. 6.) Plaintiff therefore should have filed this Motion by December 2013. However, because of Plaintiff's difficulties in serving Defendant, the Court will consider the Motion.

[2] The Motion later identifies the publication as *The Range.* (ECF No. 8 at 6.)

much either in the Motion or in an attached declaration. The new Motion should also provide the specific addresses referenced in the Motion and set forth facts explaining why *The Ranger* is an appropriate publication for alternative service. Lastly, the Court requests Plaintiff to discuss alternative service under the Wyoming Rules of Civil Procedure since Mr. Fabrizius appears to be a resident of Wyoming and would therefore be more likely to be familiar with the Wyoming rules for alternative service.

Dated this 11th day of February, 2014.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge